IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. 7:21-CV-010 |
| | § | |
| 1.312 ACRES OF LAND, MORE OR LESS, | § | |
| SITUATE IN STARR COUNTY, STATE | § | |
| OF TEXAS; AND UNKNOWN HEIRS/ | § | |
| DEVISEES OF ARTURO GARZA, JR., | § | |
| DECEASED, | § | |
| *Defendants.* | § | |

**JOINT DISCOVERY/CASE MANAGEMENT
PLAN UNDER F.R.C.P. 26(f)**

1. **State when and in what manner the parties conferred as required by Rule 26(f), and identify the counsel and/or parties who participated in the conference.**

   Pursuant to Rule 26(f) Federal Rules of Civil Procedure, AUSA J. Parker conferred via phone with Mr. Arturo Flores, Jr., and Mr. Ricardo Martin Garza on March 9, 2021.

   The United States conferred with Arturo Flores, Jr. who has declined in participating in this case management plan. The United States has been unable to confer with Defendant Ricardo Martin Garza regarding this case management plan. As of the filing of this Joint Discovery/Case Management Plan, while both defendant's claim an interest in the subject property, both will not participate in the drafting of this case management plan.

   The United States received and filed a Disclaimer for Starr County. Subsequently, the Court has dismissed them.

2. **State whether each party represents that it has made the initial disclosures required by FRCP 26(a). If not, describe the arrangements that have been made to complete such disclosures.**

   Parties will provide initial disclosures pursuant to Rule 26(a)(1)(A) based on plans prior to the Executive Order issued by President Biden on or before March 31, 2021 pursuant to Rule 26(a)(1)(C).

3. **List by case number and court any cases related to this one that are pending in any state or federal court and describe how they are related.**

   None at this time.

4. **Briefly describe what this case is about.**

   This is a civil action brought by the United States of America under the power of eminent domain through a Declaration of Taking at the request of the Secretary of the Department of Homeland Security, through the Acquisition Program Manager, Wall Program Management Office, U.S. Border Patrol Program Management Office Directorate, U.S. Border Patrol, U.S. Customs and Border Protection, Department of Homeland Security, for the taking of property to construct, install, operate and maintain roads, fencing, vehicle barriers, security lighting, cameras, sensors and related structure designed to help secure the United States/Mexico border with the state of Texas under the power of eminent domain through a Declaration of Taking and for the determination and award of just compensation to the owners and parties in interest.

5. **Specify the allegation of federal jurisdiction.**

   Plaintiff alleges the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1358.

6. **Name the parties who disagree with the jurisdictional allegations and state their reasons.**

   None.

7. **List anticipated additional parties that should be included, when they can be added, and by which parties desires their inclusion.**

   None.

8. **List anticipated interventions.**

   None.

9. **Describe any class-action issues.**

   None.

10. **Describe the discovery plan proposed by the parties, including:**

    A.   What changes should be made in the timing, form or requirement

    **for disclosures under Rule 26(a)?**

    None.

  **B.**  **When and to whom the plaintiff anticipates it may send interrogatories?**

    Should plans for use of the property continue as stated in Schedule B of the Declaration of Taking, the United States anticipates sending interrogatories to the Property Owners after the entry of this Court's scheduling order.

  **C.**  **When and to whom the defendant anticipates it may send interrogatories?**

    Based on the United States' communications with the Defendants, the Defendants do not anticipate participating in discovery at this time.

  **D.**  **Of whom and by when the plaintiff anticipates taking oral depositions?**

    Should plans for use of the property continue as stated in Schedule B of the Declaration of Taking, the United States anticipates taking oral depositions of the Property Owners' fact witnesses and other relevant witnesses prior to the end of the discovery period, assuming no delays in written discovery and subpoenas, if any.

  **E.**  **Of whom and by when the defendant anticipates taking oral depositions?**

    Based on the United States' communications with the Defendants, the Defendants do not anticipate participating in discovery at this time.

  **F.**  **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports?**

    The Defendants are the parties with the burden of proof. Should plans for use of the property continue as stated in Schedule B of the Declaration of Taking, the United States would agree, subject to the Court's approval, to designate experts within 180 days of the scheduling order in this case. The United States would additionally request that the Court set an additional deadline in its Scheduling Order for rebuttal experts.

  **G.**  **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report)?**

Based on the United States' communications with the Defendants, the Defendants do not anticipate participating in discovery at this time.

**H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report)?**

The Defendants are the parties with the burden of proof. Should plans for use of the property continue as stated in Schedule B of the Declaration of Taking, the United States anticipates deposing any experts designated by the Defendants by the end of the discovery period as set out by the Court in its Scheduling Order.

**I. All other matters raised in Rule 26(f).**

Not Applicable.

**11. If the parties have not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

Parties agree with the proposed discovery plan.

**12. Specify the discovery beyond initial disclosures that has been undertaken to date.**

On January 20, 2021, President Biden issued an Executive Order pausing the Border Wall project for 60 days to assess funding sources and other issues. No discovery has taken place to date. The United States is awaiting guidance on whether it will be allowed to proceed with this case. The United States has continued efforts to serve all named parties and to resolve title issues.

**13. State the date the planned discovery can reasonably be completed.**

Subject to guidance from the Administration as to this condemnation to construct a wall/bollard fence, the United States anticipates that discovery can be reasonably completed within 9 months after the entry of the Court's scheduling order.

**14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties have been unable to resolve the case due to title issues and the Executive Order issued by President Biden on January 20, 2021. The United States has reached out to multiple parties included in Schedule G but has not been able to determine title or agree on appropriate compensation for the taking with all defendants. At this time, the United States anticipates a title hearing will be needed in this case whether the condemnation can proceed or if revestment of the interest acquired becomes an option.

**15. Describe what each party has done or agreed to do to bring about a prompt resolution.**

Prior to filing suit, between September 2020 and December 2020, the United States Army Corps of Engineers (USACE) and/or the Department of Justice (DOJ) participated in discussions with numerous defendants regarding the offer to sell. The USACE and the DOJ mailed out valuation letters and offers to sell to known defendants.

On September 26, 2020, the United States reached out to Mr. Martin Garza via telephone calls with negative contact.

On October 20, 2020, the United States reached out to Mr. Martin Garza via telephone calls with negative contact.

On October 21, 2020, the United States reached out to Mr. Martin Garza via telephone calls with negative contact.

On October 22, 2020, the United States reached out to Mr. Martin Garza via telephone calls with negative contact.

On October 26, 2020, the United States reached out to Mr. Martin Garza via telephone calls with negative contact.

On June 11, 2020, the United States reached out to Ms. Elizabeth Moreno via telephone calls with negative contact.

On June 15, 2020, the United States reached out to Ms. Elizabeth Moreno via telephone calls with negative contact.

On June 18, 2020, the United States reached out to Ms. Elizabeth Moreno via telephone calls with negative contact.

On June 22, 2020, the United States reached out to Ms. Elizabeth Moreno via telephone calls with negative contact.

On June 26, 2020, the United States reached out to Ms. Elizabeth Moreno via telephone calls with negative contact.

On June 30, 2020, the United States reached out to Ms. Anabelia Moreno via telephone calls with negative contact.

On July 1, 2020, the United States reached out to Ms. Elizabeth Moreno, Ms. Hilda Moreno, and Ms. Anabelia Moreno, via telephone calls with negative contact.

On July 4, 2020, the United States reached out to Ms. Anabelia Moreno via telephone calls with negative contact.

On July 7, 2020, the United States reached out to Ms. Anabelia Moreno via telephone calls

with negative contact.

On August 25, 2020, the United States reached out to Ms. Elizabeth Moreno and she advised her sister, Ms. Hilda Moreno, has all the information pertaining to the property and was under the belief the property had been sold.

On August 25, 2020, the United States reached out to Ms. Hilda Moreno via telephone calls with negative contact.

On August 27, 2020, the United States reached out to Ms. Elizabeth Moreno and left a message that the contact information for her sister, Ms. Hilda Moreno, was not reachable.

On August 25, 2020, the United States reached out to Ms. Hilda Moreno, Ms. Elizabeth Moreno, and Ms. Anabelia Moreno, via telephone calls with negative contact.

On October 1, 2020, the United States reached out to Ms. Hilda Moreno via telephone calls with negative contact.

On January 6, 2021, the United States reached out to Ms. San Juanita and she refused to speak on the issue of land condemnation.

On January 15, 2021, the United reached out to Mr. Arturo Flores, Jr., brother-in-law to Mr. Arturo Garza, Jr. He stated Mr. Arturo Garza. Jr was never married and died without children. His siblings were Mr. Jesus Roel Garza, Ms. Noemi Garza Flores, and Mr. Martin Garza. All siblings are deceased. Mr. Flores, Jr indicated he was married to Arturo Garza Jr.'s sister, Ms. Noemi Garza Flores, and she is deceased. They do not have children. He also stated Ms. San Juanita was married to Mr. Martin Garza, now deceased. Ms. San Juanita has five children: Ricardo Martin Garza, Marissa Garza, Jamine Garza, Aaron Garza, and Marco Garza. Lastly, he indicated Mr. Jesus Roel Garza's wife, Ms. Imelda Garza is still alive, and she has three children: Mr. Jesus Roel Garza, Ms. Sandra Garza, and Ms. Lauren Garza. Mr. Flores, Jr. was also unfamiliar with the identity and location of Ms. San Juanita and Ms. Imelda Garza.

On January 20, 2021, President Biden issued an Executive Order pausing the Border Wall project for 60 days to assess funding sources and other issues. The United States continues to await guidance on whether it will be allowed to proceed with this case. In the interim, the United States will continue efforts to resolve title issues, serve named parties, and locate unknown parties. Should plans for use of the property continue as stated in Schedule B of the Declaration of Taking, the parties will resume settlement negotiations in detail. However, given there are title issues to be resolved and a party claiming sole ownership by way of an adverse possession claim, a title hearing will be necessary.

On January 22, 2021, the United States contacted to Mr. Arturo Flores, Jr., and explained to him that we have been unable to find contact information for Ms. Imelda Garza and Ms. San Juanita has been uncooperative. He also stated Mr. Arturo Garza Jr., bequeathed everything to Ricardo Martin Garza, but was unable to offer contact information for Mr.

Ricardo Martin Garza at that time.

On January 26, 2021, the United States discussed with Mr. Arturo Flores, Jr., that Mr. Ricardo Martin Garza had not yet discussed the case with us.

On January 28, 2021, the United States reached out to Mr. Arturo Flores, Jr., concerning the contact information for Mr. Ricardo Martin Garza.

On January 29, 2021, the United States reached out to Mr. Arturo Flores, Jr., via telephone calls, and he re-iterated a will existed that indicated Mr. Arturo Garza, Jr., bequeathed his entire estate to Mr. Ricardo Martin Garza.

On February 11, 2021, the United reached out to Mr. Ricardo Martin Garza via telephone calls to receive his physical address and email to provide him with affidavits of heirship. Mr. Ricardo Martin Garza produced a will that confirmed he was the beneficiary of the estate.

Between March 3 and 9, 2021, the United reached out to Mr. Cornelio Alvarez, Jr. and Mr. Sylvester Alvarez, via telephone calls, both of whom were not opposed to a motion to continue.

On March 9, 2021, the United States reached out to Mr. Arturo Flores, Jr. and Mr. Ricardo Martin Garzon regarding their position on a motion to continue, if one was needed. Mr. Flores Jr., was unopposed and we were unsuccessful in communicating with Mr. Garza.

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

    The United States is amenable to formal and informal dispute resolution alternatives. Formal dispute resolution would be effective at the end of the discovery period.

17. **Magistrate judges may now hear jury and non−jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The United States does not agree to a trial before a magistrate judge.

18. **State whether a jury demand has been made and if it was made on time.**

    The United States makes no demand for a jury trial.

19. **Specify the number of hours it will take to present the evidence in this case.**

    The United States anticipates that it will take no more than 48 hours to try this case.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling**

conference.

None.

21. **List other motions pending.**

None.

22. **Indicate other matters peculiar to this case, including discovery that deserve special attention of the court at the conference.**

Subject property presents title issues that will need to be resolved prior to a hearing on just compensation.

It is possible that rebuttal experts may be needed in this matter. The United States requests that the Court set a rebuttal expert deadline for forty-five (45) days after the date of the mutual expert report exchange.

The United States notes that the uses of the property as stated in Schedule B may change depending on the awaited guidance from the Administration.

23. **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for the original and any amendments.**

Plaintiff filed a Disclosure of Interested Parties with the Court on February 3, 2021.

24. **List the names, bar numbers, addresses, and telephone numbers of all counsel.**

COUNSEL FOR PLAINTIFF:
ALEXANDER N. DERGARABEDIAN
Assistant United States Attorney
Southern District of Texas No. 3381593
1701 W. Bus. Hwy. 83, Suite 600
McAllen, TX 78501
Telephone: (956) 992-9380
Facsimile: (956) 618-8016
E-mail: alexander.dergarabedian@usdoj.gov
Attorney in Charge for Plaintiff

J. PARKER GOCHENOUR
Assistant United States Attorney
Southern District of Texas No. 3620167
Virginia Bar No. 90069
11204 McPherson Road, Suite 100A
Laredo, Texas 78045

Telephone: (956) 586-8758
Facsimile: (956) 618-8016
E-mail: James.Gochenour@usdoj.gov
Attorney for the United States of America

                Respectfully submitted,

                **JENNIFER B. LOWERY**
                United States Attorney
                Southern District of Texas

By:    *s/ Alexander N. DerGarabedian*
        **ALEXANDER N. DERGARABEDIAN**
        Assistant United States Attorney
        Southern District of Texas No. 3381593
        New York Bar No. 5103577
        1701 W. Bus. Hwy. 83, Suite 600
        McAllen, TX 78501
        Telephone: (956) 992-9380
        Facsimile: (956) 618-8016
        Email: alexander.dergarabedian@usdoj.gov
        Attorney In Charge for the United States of America

        *s/ J. Parker Gochenour*
        **J. PARKER GOCHENOUR**
        Assistant United States Attorney
        Southern District of Texas No. 3620167
        Virginia Bar No. 90069
        11204 McPherson Road, Suite 100A
        Laredo, Texas 78045
        Telephone: (956) 586-8758
        Facsimile: (956) 618-8016
        E-mail: James.Gochenour@usdoj.gov
        Attorney for the United States of America

## CERTIFICATE OF SERVICE

    I, Alexander N. DerGarabedian, Assistant United States Attorney for the Southern District of Texas, do hereby certify that on March 26, 2021, counsel has been served with a true and accurate copy of the foregoing document via ECF.

                                    By:    *s/ Alexander N. DerGarabedian*
                                                **ALEXANDER N. DERGARABEDIAN**
                                                Assistant United States Attorney